IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| STANLEY MOORE, | ) | No. 2:12-cv-00602 |
| --- | --- | --- |
| | ) | Judge Cathy Bissoon / |
| Plaintiff, | ) | Magistrate Judge Cynthia Reed Eddy |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES STECKEL; AND | ) | |
| RICH FITZGERALD | ) | |
| | ) | |

REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that claims in the above-captioned action [ECF No. 5] filed by pro se prisoner Stanley Moore ("Moore" or "Plaintiff") be dismissed for failure to comply with this Court's Order to Show Cause [ECF. No. 6].

II. REPORT

It is rare that the Court receives a Complaint [ECF No 5] as uninformative as the one filed by Moore. In that document, Moore states that he is confined in the Allegheny County Jail, and that a case is pending against him. He contends that the Defendants violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution, but does not state a single fact in support of that claim. The only substantive statement in the entire Complaint is found in the section entitled "Relief." That statement reads: "Respectfully, to rectify and restore freedom & justice, to correct the injustices committed against me, also to be compensated for compensatory damages and all injuries suffered in this case matter." [Id. at 3].

On May 25, 2012, the Court entered an Order directing that Moore provide proper instructions and related documents for service on Defendants "on or before June 15, 2012."

Moore was informed that if he did not comply with the Order, this matter would be dismissed. Moore failed to comply with this Order. On June 25, 2012, the Court issued an Order to Show Cause stating that "on or before July 6, 2012, Plaintiff shall show cause why this case should not be dismissed for failure to comply with the Court Order dated May 25, 2012. Failure to comply with this Order will result in immediate dismissal of this action for failure to prosecute." [ECF No. 6] As of the date of this Report and Recommendation, Moore has not responded to the Order to Show Cause.

The punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In exercising this discretion, the Court must consider the following six factors set forth in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984):

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

"Not all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

On the whole, the Poulis factors favor the dismissal of Moore's claims. Factors One, Three, and Four weigh heavily against Moore. Despite having been given an entire month to comply with the Court's Show Cause Order, and having been warned that failure to comply would result in the dismissal of his claims, Moore made no effort to communicate with the Court, or to explain any difficulty he was having complying with the Court's Order. Despite the

2

clarity of the Order and explanation of the consequence that would follow from disregarding its terms, Moore failed to respond. There is nothing in the record that would permit the Court to conclude that Moore was not personally responsible for this dilatory conduct or that his failure to file was not willful or in bad faith.

The prejudice caused to Defendants by Moore's lack of diligence is not a factor as they have not yet been served. The bare-bones nature of Moore's claims also makes assessment of their merit impossible. In these circumstances, dismissal of Moore's claims is the only effective sanction available. Moore is incarcerated, and his resources are limited. The effectiveness of monetary sanctions is, therefore, doubtful. In sum, it appears that Moore has no serious interest in pursuing this case. Accordingly, it is respectfully recommended that Moore's claims in the above-captioned case be dismissed, as no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, Plaintiff may file Objections no later than July 30, 2012. Failure to file timely Objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Respectfully submitted,

Cynthia Reed Eddy
CYNTHIA REED EDDY
United States Magistrate Judge

Dated: July 17, 2012

cc: Stanley Moore
    123638
    920 Second Ave.
    Pittsburgh, PA 15219

3